### Francis v. George Worthington Co.

Oct. 30, 1945.

Joseph D. Harkins for appellant.

J. B. Clarke for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The George Worthington Company instituted this action against Bill Francis, allegedly doing business under the firm name of Francis Hardware & Furniture Company, to recover the balance of an account of $1,449.46. Francis sought to avoid liability on the claim that the Furniture Company was owned and operated by his son, C. D. Francis. He sought also to have reformed a written instrument which set forth that he was the sole owner of the Furniture Company. The writing follows:

"The George Worthington Co.,          11-3-38
   Cleveland, Ohio.

Gentlemen:

I, Bill Francis, am the sole owner of Francis Hdwe. & Furniture Company, Garrett, Ky.

                    SIGNED    Bill Francis
Witnesses:
T. D. Dickenson
C. D. Francis."

Judgment went in favor of the appellee for the amount claimed.

The Furniture Company was established in 1936 in a building owned by Francis. The record contains a lease between Francis and the son, who was 18 years of age at the time the Furniture Company was opened, which would indicate that the latter was the owner. T. D. Dickenson was a salesman for the appellee. He testi-

fied that Francis told him that he owned the Furniture Company. He said also that, when the Furniture Company's account was in arrears some $400 or $500 in the latter part of 1938, he went to Francis and told him that, unless he guaranteed the account, his company would extend no more credit to the Furniture Company. It is Francis' contention that Dickenson told him the writing which was prepared by the latter was intended to guarantee only the amount of the account owing at the time of its execution—some $400 or $500. He said he was in a hurry at the time he signed the writing and that he did not read it. It is his contention that Dickenson induced him to sign the writing through fraudulent representations.

An examination of Dickenson's testimony sets forth clearly that Francis represented to him that he owned the Furniture Company, and that he obtained the writing in order to have the account guaranteed. On the other hand the testimony of Francis and his son shows that the latter owned the Furniture Company, and when the Furniture Company failed the latter part of 1939, the son filed a voluntary petition in bankruptcy. The record contains a number of letters addressed to the George Worthington Company and signed by Francis, but the son testified that he wrote the letters and signed his father's name to them. Francis said he knew nothing about the letters. The writing signed by the appellant is clear and specific and contains only one sentence, and it would take very clear and convincing proof to overcome such a writing on the ground that it was obtained by fraud. The proof in support of the appellant's contention falls far short of that standard.

The further contention is made that, in the event the appellant is not entitled to a judgment in his favor, he is entitled to certain credits. There seems to be some basis for this contention. There is testimony showing that a credit memoranda and checks totaling $166.90 were not credited on the account. The original checks are not in the record, but it does contain exhibits that show the checks were drawn in favor of the appellee and were paid by the Bank of Josephine in Prestonsburg.

Under the circumstances, the judgment is reversed, with directions that it be set aside and for the entry of a judgment in accordance with this opinion.